# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID M. JOHNSTON,
     Plaintiff

     vs

POLICE OFFICER ROSE VALENTINO,
     Defendant

Case No. 1:12-cv-159

Barrett, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

On February 28, 2012, this Court issued a Deficiency Order requiring the *pro se* plaintiff, who resides in Harbor City, California, to either pay the $350.00 filing fee or submit an application to proceed *in forma pauperis* within thirty days. (*See* Doc. 2). In addition, plaintiff was ordered to submit a summons form and United States Marshal form for the named defendant, as well as an extra copy of his complaint, so that the defendant may be served with the complaint in this case. (*Id.*). Plaintiff was notified that if he failed to comply with the Deficiency Order within the requisite thirty-day period, his case would be dismissed.

To date, more than ninety (90) days later, plaintiff has failed to comply with the Court's Deficiency Order to the extent that he has not submitted an *in forma pauperis* application or paid the full filing fee and has not provided the documents ordered by the Court, which are required to effectuate service. On April 10, 2012, plaintiff did file a pleading to explain his delay in responding to the February 28, 2012 Order. (Doc. 4). He states in the pleading that (1) he realized his complaint, filed over two years after the incident giving rise to his cause of action occurred, appears to be time-barred; (2) he is "currently embroiled in a separate pro se civil action . . . in California," which makes it difficult to "properly prosecute [his] case vs. the Cincinnati Police Department's errant Officer(s);" and (3) he contracted a viral infection in March, which caused a "last-minute delay" in responding to this Court's order. (*Id.*). Plaintiff

further states that for the non-medical reasons that he has given for his delay he "feel[s] compelled to Withdraw" his complaint "unless Her Honor can provide encouragement to the contrary." (*Id.*, p. 2). He also requests advice from the Court regarding the "recourse" he may have against the defendant if he has either missed the statute-of-limitations deadline or is unable to leave California at the present time to prosecute the case in Cincinnati. (*Id.*).

As an initial matter, this Court lacks the authority to provide legal advice to parties, including *pro se* litigants. *See, e.g., Stanton v. Hutchins,* No. 1:10cv74, 2010 WL 1418563, at *6-7 (W.D. Mich. Apr. 10, 2010) (and cases cited therein) ("It is not the court's duty, nor would it be proper for the court to 'instruct' [plaintiff] on how to prove the elements of his claims or otherwise prosecute his case;" and "[t]he ironclad prohibition on courts rendering legal advice to litigants does not change merely because a party elects to proceed *pro se*."); *Aladimi v. Grant Cnty. Det. Ctr.*, Civ. Act. No. 09-CV-168-WOB, 2010 WL 399107, at *5 (E.D. Ky. Jan. 27, 2010) (and cases cited therein) ("Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions. . . . Neither the Court, nor its administrative staff, are empowered either to dispense legal advice to parties, or to practice their case on their behalf."); *cf. United States v. Perry*, 142 F. App'x 610, 612-13 (3rd Cir. 2005) (per curiam) (citing *Pliler v. Ford,* 542 U.S. 225 (2004)). Therefore, the Court is precluded from advising plaintiff, as he has requested, regarding whether or not to proceed with his complaint or whether other means of pursuing a claim against the defendant Cincinnati police officer are available to plaintiff.

Plaintiff has suggested that the complaint is being withdrawn. In any event, district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Petitioner has failed to comply with this Court's Order of February 28, 2012, and his pleading filed on April 10, 2012 fails to rectify any of the deficiencies cited in that Order. Accordingly, dismissal is appropriate in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID M. JOHNSTON,
      Plaintiff

    vs

POLICE OFFICER ROSE VALENTINO,
      Defendant.

Case No. 1:12-cv-159

Barrett, J.
Bowman, M.J.

## NOTICE REGARDING FILING OF OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).